NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0487n.06

Case No. 24-3151

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Dec 04, 2024

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| v. | ) ) ) | |
| MARQUIS LAMONZ WELLINGTON, | ) ) | OPINION |
| Defendant-Appellant. | ) ) | |

Before: MOORE, CLAY, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. After police officers found guns and drugs inside Marquis Wellington's home, he pleaded guilty to possessing firearms as a felon and in furtherance of a drug trafficking crime. On appeal, Wellington argues for the first time that these two convictions violate his Second Amendment rights. Because his arguments fail, we affirm.

I.

Police officers obtained a warrant to search Wellington's home after investigating his potential gang ties and drug trafficking. Upon entering the home, they found four loaded guns, live ammunition as well as loaded magazines, fentanyl, and methamphetamine.

Wellington was indicted on four counts: two counts of drug crimes; possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(8); and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

Wellington didn't challenge the constitutionality of § 922(g) or § 924(c) at any time before the district court. Now, he argues for the first time that his § 922(g) and § 924(c) convictions violate his Second Amendment rights.

II.

Because Wellington didn't challenge the constitutionality of his § 922(g) and § 924(c) convictions before the district court, we review his convictions for plain error. *See Greer v. United States*, 593 U.S. 503, 507 (2021); Fed. R. Crim. P. 52(b).

Wellington contends *de novo* review is appropriate. Why? Because, he says, circuit precedent foreclosed his claim and *New York State Rifle & Pistol Association v. Bruen* was not on the books when he was in the district court. *See* 597 U.S. 1 (2022). So, Wellington argues we should apply *de novo* review because he had "good cause" not to raise a Second Amendment challenge. Fed. R. Crim. P. 12(c)(3).

But that is wrong, because Wellington had ample opportunity to raise this challenge. *Bruen* was handed down in June 2022. Wellington was arrested two months later. He failed to raise a Second Amendment argument when he challenged various aspects of his presentence report, which was filed in December 2023 (roughly a year and a half after *Bruen* was decided). Nor did he raise a Second Amendment challenge at his sentencing hearing a month later in January 2024. So, contrary to Wellington's arguments, there was no "good cause" under Rule 12 for him to not raise his *Bruen*-inspired challenges before the district court.

At any rate, our precedent makes clear that the plain-error standard governs our review of Second Amendment challenges brought for the first time on appeal. *See, e.g.*, *United States v. Alvarado*, 95 F.4th 1047, 1051 (6th Cir. 2024); *United States v. Johnson*, 95 F.4th 404, 415–16 (6th Cir.), *cert. denied*, 144 S. Ct. 2619 (2024). To prevail under plain error, Wellington must

show "(1) error, (2) that is plain, and (3) that affects substantial rights." *Alvarado*, 95 F.4th at 1051 (citation omitted). "We may then notice the forfeited error, 'but only if (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *United States v. White*, 58 F.4th 889, 893 (6th Cir. 2023) (citation omitted).

We look to the law as it exists now to figure out if there is plain error. *See United States v. Ritchey*, 840 F.3d 310, 314 (6th Cir. 2016). Despite Wellington's admirably careful research on the history and tradition of disarming dangerous people and groups, we have read the history differently: Our precedent forecloses facial challenges to § 922(g) like Wellington's. *United States v. Williams*, 113 F.4th 637, 657 (6th Cir. 2024) (noting that to succeed on a facial challenge, one must bear the heavy burden of showing that there is "no set of circumstances under which [a legislative Act] would be valid") (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). And we decline Wellington's request to overturn *Williams*.

We also reject Wellington's as-applied challenge to his § 922(g)(1) conviction. Individuals can bring as-applied challenges to their § 922(g)(1) convictions by showing they're not "dangerous." *Id.* at 663. To determine whether an individual is dangerous, courts must "make fact-specific dangerousness determinations after taking account of the unique circumstances of the individual." *Id.* Wellington is dangerous given his convictions for drug trafficking and attempted domestic violence. *See id.* at 658–59. So, again the district court did not err, let alone plainly err.

Nor did the district court plainly err by not dismissing Wellington's § 924(c) conviction on its own accord. "A lack of binding case law that answers the question presented will . . . preclude our finding of plain error." *United States v. Al-Maliki*, 787 F.3d 784, 794 (6th Cir. 2015). Here, there is no binding precedent holding that § 924(c) conflicts with the Second Amendment. In fact, we have rejected post-*Bruen* challenges to § 924(c). *United States v. Burgess*, Nos. 22-1110/22-

1112, 2023 WL 179886, at *5 (6th Cir. Jan. 13, 2023).  So, Wellington's § 924(c) challenge also fails.

*    *    *

Because Wellington's constitutional challenges to his convictions fail, we affirm.